UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID WALTERS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. _____ |
| VEOLIA NORTH AMERICA, LLC | ) |
| | ) |
| Defendant. | ) |
| | ) |

## NOTICE OF REMOVAL

Defendant, Veolia North America, LLC ("Defendant"), pursuant to 28 U.S.C. § 1441, hereby removes the above-styled action to this Court from the Civil District Court, Orleans Parish, State of Louisiana. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. In support hereof, Defendant states as follows:

### INTRODUCTION

1. On December 12, 2019, Plaintiff, David Walters ("Plaintiff"), instituted in the Civil District Court, Orleans Parish, State of Louisiana, the instant action styled, *David Walters v. Veolia North America, LLC*, Case No. 19-12829 (the "Lawsuit").

2. A copy of the petition together with the complete file of the action filed in Civil District Court, Orleans Parish, State of Louisiana, Case No. 19-12829, is attached hereto as **Exhibit A**. Defendant is unaware of the existence of any process, pleadings, or orders other than the documents included in the exhibits attached hereto. There are no motions or hearings pending before the Civil District Court, Orleans Parish, State of Louisiana in this matter.

3. The Petition brings claims for alleged violations of whistleblower law pursuant to Louisiana Revised Statutes § 30:2027 and 23:967.

4. The claims arise from the parties' prior employment relationship.

## NOTICE OF REMOVAL IS TIMELY

5. Plaintiff filed his Petition on December 12, 2019.

6. Defendant was first served in this lawsuit with a copy of the Petition on January 3, 2020.

7. This Notice of Removal is timely because it is filed within thirty (30) days of Defendant's receipt of the Petition and within one year of the Lawsuit being commenced.

8. No previous request has been made for the relief requested in this Notice.

## DIVERSITY JURISDICTION EXISTS

9. This Court has original jurisdiction over the Lawsuit under 28 U.S.C. § 1332 and this case may be removed pursuant to 28 U.S.C. § 1441(a) because there exists complete diversity of citizenship between the parties and the amount in controversy exceeds the jurisdictional threshold of $75,000.00.

### I. Complete Diversity Exists

10. Plaintiff, David Walters, is a resident of St. Tammany Parish, State of Louisiana. Plaintiff is therefore a Louisiana citizen for diversity purposes.

11. Defendant is a Limited Liability Company organized under Delaware law. Defendant's sole member is Veolia North America, Inc., which is incorporated in Delaware, maintains a corporate office in Delaware, and makes its major corporate decisions in Massachusetts. Therefore, Defendant is a citizen of Delaware and Massachusetts for diversity purposes. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[L]ike limited partnerships and other unincorporated associations or entities," a limited liability

company's citizenship is that of each of its members, and to adequately plead the citizenship of a limited liability company, a removing party must allege the citizenship of each of its members.).

12. Complete diversity thus exists.

### II. The Amount in Controversy Exceeds $75,000.00

13. Defendant denies Plaintiff is entitled to any monetary recovery based on the allegations in the Petition. But for removal purposes, Defendant is entitled to rely upon an examination of the relief requested in Plaintiff's Petition in order to establish a sufficient amount in controversy for removal. *Lottinger v. State Farm Fire & Cas. Co.*, No. 13-6193, 2014 U.S. Dist. LEXIS, at *7-8 (E.D. La. Sept. 5, 2014) (stating that "a defendant seeking removal from Louisiana state court to federal court must prove by a preponderance of evidence that the amount in controversy exceeds $75,000" and that "[a] court may conclude that removal is proper when it is 'facially apparent' that the plaintiff's claims exceed $75,000").

14. The Petition states Plaintiff seeks damages "for all sums as are reasonable under the premises, triple damages as allowed by law, attorney fees as allowed by law, and all such other relief to which Petitioner is entitled at law or in equity." Petition, p. 17.

15. The Petition does not demand a specific amount of damages and does not allege that the amount he seeks is less than $75,000. But the Petition does demand a "trial by jury," which, under Louisiana law, requires that the "petitioner's cause of action exceeds fifty thousand dollars exclusive of interest and costs." La. Code Civ. P. art. 1732.

16. Given that Plaintiff demanded a trial by jury and seeks damages, including "loss of earning capacity, past and future lost wages and benefits, humiliation and severe emotional distress, mental anguish" and statutory penalties that include "triple damages" and "an award of

attorney's fees," more than $75,000 is in controversy, and this requirement of the jurisdictional threshold under 28 U.S.C. § 1332(a) is thus satisfied.

## REMOVAL TO THIS JUDICIAL DISTRICT IS PROPER

17. Venue is proper in the United States District Court for the Eastern District of Louisiana under 28 U.S.C. §§ 1441(a) and 1446(a) because the Civil District Court, Orleans Parish, State of Louisiana is located within the Eastern District of Louisiana.

18. As required by 28 U.S.C. § 1446(a), true and correct copies of all pleadings on file with the Civil District Court of Orleans Parish to date are attached hereto.

19. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff's counsel and the Clerk of the Civil District Court of Orleans Parish.

20. Defendant hereby reserves its rights to assert any and all defenses to Plaintiff's Petition.

21. Defendant reserves the right to amend or supplement this Notice of Removal.

22. A Civil Cover Sheet is attached hereto as **Exhibit B**.

WHEREFORE, Defendant, Veolia North America, LLC, respectfully removes the Lawsuit now pending in the Civil District Court, Orleans Parish, State of Louisiana to this Court.

Dated:  January 29, 2020

Respectfully submitted

*/s/ Tracy E. Kern*
TRACY E. KERN (LA Bar No. 20246)
P.J. KEE (LA Bar No. 34860)
Jones Walker LLP
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170-5100
Telephone:  504-582-8230
Facsimile:  504-589-8230
Email: tkern@joneswalker.com
Email: pkee@joneswalker.com

COUNSEL FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2020, the foregoing pleading was filed electronically with the Clerk of Court and will be served upon all counsel of record by operation of the Court's electronic filing system.

*/s/ Tracy E. Kern*
Tracy E. Kern