CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

NUMBER 2019-12829 DIVISION "___"

DAVID WALTERS

VERSUS

VEOLIA NORTH AMERICA, LLC



SECTION 11

*************************************************************
PETITION

The Petition of David Walters, a resident of the full age of majority of St. Tammany Parish, respectfully presents:

1.

Made defendant herein is Veolia North America, LLC (hereinafter "Veolia"), a foreign corporation authorized and actually doing business in Orleans Parish, Louisiana, which is justly and truly indebted unto Petitioner for all sums as are reasonable under the premises, attorney fees as allowed by law, and all such other relief to which Petitioner is entitled at law or in equity.

2.

In April 2015, Petitioner was hired by defendant Veolia North America LLC as a Maintenance Manager to work with the Sewage and Water Board of New Orleans (hereinafter "SWB") at the SWB's East and West Bank plants located in New Orleans. At all times pertinent hereto, defendant Veolia was Petitioner's "employer" within the meaning and intent of La. R.S. § 23:967 and Louisiana law.

3.

Veolia entered into an environmental partnership with the SWB whereby Veolia would operate, maintain and manage the City's Eastbank and Westbank wastewater treatment plants, including all reporting of discharge, pollutants, and waste water treatment required by the local, state and federal agencies, including LDEQ, the EPA, and Court Consent Decree.

4.

Shortly after his hire, Petitioner learned that Veolia was knowingly discharging effluent Wastewater or untreated sewage out from the SWB's East and West Bank plants Mississippi outfall and that defendant was deliberately manipulating test results to conceal the untreated effluent. In fact, although clearly impossible, defendant reported daily chlorine residual results

VERIFIED
[signature]
12/12/19

during periods when the disinfection system was inoperable. Petitioner discovered that defendant tasked its employee to draw as many samples as necessary from the Mississippi River discharge source and manipulate the samples by either increasing or decreasing the bleach system flow until a particular result was achieved or deliberately enter false numbers event though the NPDES ("National Pollutant Discharge Elimination System") permit clearly says only a single sample or grab sample is allowed (East bank permit # LA0038091, West bank permit # LA0038105). Petitioner personally witnessed defendant, through Marrious Berry, a DHH Wastewater level 1 operator, adjust the bleach system to deliberately skew/alter the results and then take the sample.

5.

In 2018, Petitioner became aware of significant issues with the operation of the bleach systems within both plants. Both bleach systems where designed to automatically dispense bleach but due to faulty design and control logic functions the systems could not continuously maintain a constant bleach residual. The result of these errors caused the chlorine residual to become excessively high (above permitted levels) or zero residual, no bleach. Petitioner advised the plant manager John Kennedy and VP of operations Jim Galipeau of this problem and was told the system worked even though petitioner verified the defects through an outside contractor. The defendant knowingly began manually controlling the bleach system which caused the chlorine residual to operate erratically at best. Petitioner also notified Defendants that due to human error, the bleach system was not operational for significant periods of time, sometimes for days at a time, to such an extent that the bleach application/treatment ceased and, therefore, no bleach was added to the effluent and, instead, the wastewater was simply discharged into the Mississippi river untreated. Petitioner also uncovered the lack of a chlorine residual analyzer at the Mississippi River outfall which is 2 miles from the plants' discharge and is used for the LDEQ sample. Petitioner attempted to hire outside engineers to run a study on the Mississippi River outfall to gather data which would support funding to correct the known defects. Petitioner presented the engineering project to the plant manager John Kennedy and was told not to pursue the study since the bleach system works. Petitioner also discovered and reported the fact that the high-pressure effluent utility water piping within the plant was connected directly to the City's drinking water supply which is only protected by a manual valve and a back flow preventor. Petitioner informed defendant that the City's own plumbing code does not allow the connection of an effluent utility water source to a drinking water source. Petitioner informed John Kennedy of the human risk, including death, with a solution to

isolate or even cut the line to avoid fecal material contaminating the drinking water supply, which defendant refused.

6.

However, even though the plants were not pumping bleach into the effluent systems, the measurements taken by defendant were deliberately skewed to reflect no fecal matter in the discharge material flowing out into the Mississippi river when, in fact, that occurrence would be impossible as no bleach was applied to the effluent waste water. Petitioner documented numerous instances where the bleach application was not occurring at all in the West and East Bank plants. Among those documented instances included John Kennedy, New Orleans' Project Manager, confirming the bleach was not working at all at the West Bank plant, that beginning January 29, 2019, the West Bank plant bleach system was down for at least four (4) entire days. Yet, defendant kept recording a bleach residual measurement and acceptable coliform fecal limit even though that was impossible given no bleach was being added to the effluent.

7.

Petitioner was, at all times, in good faith and reported what he reasonably believed to be violations of the following laws: The Clean Water Act, 40 C.F.R. 230, *et seq.* and the Louisiana Water Control Law, La. R.S. 30:2071, *et seq.* Petitioner additionally contends that the acts of reporting false information to public bodies, namely, to the State of Louisiana, violated La. R.S. 14:133 in that defendant filed Discharge Monitoring Reports ("DMR's") with LDEQ, a public office, which contained false statements and/or false representations of a material fact.

8.

Commencing in February, 2019, Petitioner met with defendant, through Kennedy, and reported and opposed the false reporting of waste discharge. Petitioner continued to report and oppose the false numbers verbally and in writing, including by email and text messages. During those occasions, Petitioner expressed to defendant, through Kennedy, he was afraid he would be fired for blowing the whistle on the false reporting and deliberate discharge of waste into the environment.

9.

The harassment became so intense, Petitioner emailed Jim Galipeau VP of operations and Steve Kruger Sr. VP of operations on March 8, 2019. Petitioner reported within the email the harassment by John Kennedy, constant violations, large spills, not disinfecting the effluent,

padding the books, and not enforcing company policy. Petitioner advised defendant, through Kennedy, the situation had become so unbearable, he might be forced to resign.

10.

On March 8, 2019, Petitioner met with Jack Morrison, Veolia Human Resources, and was subsequently labeled a whistleblower and a rat. Despite the onset of retaliatory harassment as a result of Petitioner's protected conduct in reporting and opposing the unlawful reporting of numbers to Federal and State authorities and the unlawful discharge of waste into the Greater New Orleans waterways, Petitioner continued to report and oppose the unlawful conduct.

11.

After this meeting, Petitioner was terminated May 2, 2019, in reprisal for reporting and opposing the unlawful discharge (fecal matter) in both outfall and the drinking water supply, as well as the false reporting and manipulation of data as set forth herein. Although Petitioner inquired about his reason for discharge, defendant falsely claimed "unsatisfactory performance".

12.

As a result of the situation sued upon herein, Petitioner sustained damages which include loss of earning capacity, past and future lost wages and benefits, humiliation and severe emotional distress, mental anguish.

13.

Petitioner contends that defendant's harassment and termination constituted unlawful reprisal for his opposition to and reporting of environmental violations, namely of The Clean Water Act and The Louisiana Water Control Law, set forth above, in violation of La. R.S. 30:2027 for which he sues for herein. Petitioner additionally shows that he is entitled to damages as a result of defendant's violations of La. R.S. 30:2027, including triple damages.

14.

Petitioner contends that defendant's harassment and termination constituted unlawful reprisal for Petitioner's opposition to and reporting of the filing of false public records, La. R.S. 14:133, in violation of La. R.S. 23:967 for which he sues for herein.

15.

Petitioner is entitled to and desires an award of attorney's fees pursuant to La. R.S. 30:2027 and pursuant to La. R.S. 23:967.

16.

Petitioner is entitled to and desires an award of all such other relief to which he is entitled at law or in equity.

17.

Petitioner is entitled to and desires trial by jury.

WHEREFORE, Petitioner, David Walters, prays for trial by jury and after due proceedings are had that there be judgment herein in her favor and against defendant, Veolia North America, LLC, for all sums as are reasonable under the premises, triple damages as allowed by law, attorney fees as allowed by law, and all such other relief to which Petitioner is entitled at law or in equity.

Respectfully submitted,

By: _____
Jill L. Craft, #20922
W. Brett Conrad, Jr., #37639
Attorney at Law, LLC
330 Government Street
Baton Rouge, Louisiana 70802
(225) 663-2612

**PLEASE SERVE:**

Veolia North America, LLC
**VIA LONG ARM SERVICE, PURSUANT TO La R.S. 13:3204**
**THROUGH ITS PRESIDENT AND CEO:**
Bryan Clarke
53 State Street, 14th Floor
Boston, MA 02109
**AND THROUGH ITS REGISTERED AGENT FOR SERVICE:**
CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703

CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

NUMBER _____ DIVISION "___"

DAVID WALTERS

VERSUS

VEOLIA NORTH AMERICA, LLC

FILED 2019 DEC 12 PM 12:56 CIVIL DISTRICT COURT

*********************************************************
VERIFICATION

STATE OF LOUISIANA
PARISH OF EAST BATON ROUGE

BEFORE ME, the undersigned Notary Public, personally came and appeared:

David Walters

A resident of the full age of majority of St. Tammany Parish, Louisiana, who upon being duly sworn did depose and state that he is the Petitioner in the above and foregoing Petition, that he has read same, and all facts and allegations contained therein are true and correct.

_____
David Walters

SWORN TO AND SUBSCRIBED before me, Notary Public, this 5 day of December, 2019.

_____
Notary Public

W. Brett Conrad
La Bar Roll No.: 37639

ATTORNEY'S NAME: Craft, Jill L 20922
AND ADDRESS: 509 St. Louis St., Baton Rouge, LA 70802

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO: 2019-12829　　　DIVISION: G　　　SECTION: 11

**WALTERS, DAVID**

Versus

**VEOLIA NORTH AMERICA, LLC**

### CITATION - LONG ARM

TO: VEOLIA NORTH AMERICA, LLC

THROUGH: THE LOUISIANA LONG ARM STATUTE ITS REGISTERED AGENT FOR SERVICE: CT CORPORATION SYSTEM
301 S. BEDFORD STREET, SUITE 1, MADISON, WI 53703

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within thirty (30) days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made through the "Long Arm Statute" under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.
********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA December 18, 2019

Clerk's Office, Room 402, Civil Courts
421 Loyola Avenue
New Orleans, LA

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____
Don'Dre Spiller, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this ___ day of _____ served a copy of the within | On this ___ day of _____ served a copy of the within |
| **Petition for Damages** | **Petition for Damages** |
| ON VEOLIA NORTH AMERICA, LLC | ON VEOLIA NORTH AMERICA, LLC |
| THROUGH: THE LOUISIANA LONG ARM STATUTE ITS REGISTERED AGENT FOR SERVICE: CT CORPORATION SYSTEM | THROUGH: THE LOUISIANA LONG ARM STATUTE ITS REGISTERED AGENT FOR SERVICE: CT CORPORATION SYSTEM |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said VEOLIA NORTH AMERICA, LLC being absent from the domicile at time of said service. |
| _____ No. _____ | |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED / _____ | _____ No. _____ |
| PAPER　　RETURN | Deputy Sheriff of _____ |
| ___ / ___ / ___ | |
| SERIAL NO.　DEPUTY　PARISH | |

ID: 10371528　　　Page 1 of 1

ATTORNEY'S NAME: Craft, Jill L 20922
AND ADDRESS: 509 St. Louis St., Baton Rouge, LA 70802

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2019-12829    DIVISION: G    SECTION: 11

**WALTERS, DAVID**

Versus

**VEOLIA NORTH AMERICA, LLC**

## CITATION - LONG ARM

TO:    VEOLIA NORTH AMERICA, LLC

THROUGH:    THE LOUISIANA LONG ARM STATUTE ITS PRESIDENT AND CEO: BRYAN CLARKE

53 STATE STREET, 14TH FLOOR, BOSTON, MA 02109

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within thirty (30) days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made through the "Long Arm Statute" under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA December 18, 2019**

Clerk's Office, Room 402, Civil Courts
421 Loyola Avenue
New Orleans, LA

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____
Don'Dre Spiller, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

**PERSONAL SERVICE**

On this _____ day of _____ _____ served a copy of the within
**Petition for Damages**
ON VEOLIA NORTH AMERICA, LLC
THROUGH: THE LOUISIANA LONG ARM STATUTE ITS PRESIDENT AND CEO: BRYAN CLARKE
Returned the same day
_____ No. _____
Deputy Sheriff of _____
Mileage: $ _____
_____ / ENTERED / _____
PAPER        RETURN
_____ / _____ / _____
SERIAL NO.    DEPUTY    PARISH

**DOMICILIARY SERVICE**

On this _____ day of _____ _____ served a copy of the within
**Petition for Damages**
ON VEOLIA NORTH AMERICA, LLC
THROUGH: THE LOUISIANA LONG ARM STATUTE ITS PRESIDENT AND CEO: BRYAN CLARKE
by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said VEOLIA NORTH AMERICA, LLC being absent from the domicile at time of said service.
Returned the same day
_____ No. _____
Deputy Sheriff of _____

ID: 10371527    Page 1 of 1

CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

NUMBER: 2019-12829     DIVISION: "11"

DAVID WALTERS

VERSUS

VEOLIA NORTH AMERICA, LLC
*****************************************************************
**AFFIDAVIT OF SERVICE RETURN**

STATE OF LOUISIANA
PARISH OF EAST BATON ROUGE

BEFORE ME, the undersigned Notary, personally came and appeared:

**Jill L. Craft**

who, after being first duly sworn, did depose and say that:

1. Pursuant to La. R.S. 13:3201, *et seq.*, on December 30, 2019, I served a certified copy of the Citation and Petition by mailing a copy of the same via certified mail to Veolia North America, LLC, through its Agent for Service of Process, CT Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703. I did so by placing the documents in an envelope which was addressed to Veolia North America, LLC, through its Agent for Service of Process, CT Corporation System. I deposited the envelope with the United States Postal Service on December 30, 2019, was mailed certified and with proper postage affixed. Attached hereto as Exhibit "A" is a true and correct copy of the postmarked certified mail receipt.

2. On January 3, 2020, the Citation and Petition were delivered to and received by Veolia North America, LLC, through its agent for service of process, CT Corporation System. Attached hereto as Exhibit "A" is a true and correct copy of the signed and executed return receipt for certified mail and United States Postal Service Tracking.

Jill L. Craft

**SWORN TO AND SUBSCRIBED** before me, this 8 day of January, 2020, at Baton Rouge, Louisiana.

W. Betterson
Notary Public
La Bar Roll No: 37639

**VERIFIED**
Jon Ju Hu
1/16/20





**EXHIBIT A**

# USPS Tracking®

FAQs >

Track Another Package +

**Tracking Number:** 70183090000201194814

Remove ✕

Your item was delivered to an individual at the address at 9:37 am on January 3, 2020 in MADISON, WI 53703.



## Delivered

January 3, 2020 at 9:37 am
Delivered, Left with Individual
MADISON, WI 53703

Get Updates ∨

Feedback

---

**Text & Email Updates**           ∨

---

**Tracking History**               ∧

January 3, 2020, 9:37 am
Delivered, Left with Individual
MADISON, WI 53703
Your item was delivered to an individual at the address at 9:37 am on January 3, 2020 in MADISON, WI 53703.

January 3, 2020, 7:10 am
Out for Delivery
MADISON, WI 53703

**January 3, 2020, 6:39 am**
Arrived at Unit
MADISON, WI 53703

**January 2, 2020**
In Transit to Next Facility

**December 30, 2019, 1:48 pm**
USPS in possession of item
BATON ROUGE, LA 70801

---

**Product Information** ⌄

---

See Less ∧

Feedback

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

**CIVIL DISTRICT COURT**
**PARISH OF ORLEANS**
**STATE OF LOUISIANA**

FILED
2020 JAN 16 PM 3: 42
CIVIL DISTRICT COURT

NUMBER: 2019-12829     DIVISION: "11"

**DAVID WALTERS**

**VERSUS**

**VEOLIA NORTH AMERICA, LLC**

*********************************************************************

**AFFIDAVIT OF SERVICE RETURN**

STATE OF LOUISIANA
PARISH OF EAST BATON ROUGE

BEFORE ME, the undersigned Notary, personally came and appeared:

**Jill L. Craft**

who, after being first duly sworn, did depose and say that:

1. Pursuant to La. R.S. 13:3201, *et seq.*, on December 30, 2019, I served a certified copy of the Citation and Petition by mailing a copy of the same via certified mail to Veolia North America, LLC, through its President and CEO, Bryan Clarke, 53 State Street, Boston, MA 02109. I did so by placing the documents in an envelope which was addressed to Veolia North America, LLC, through its President and CEO, Bryan Clarke. I deposited the envelope with the United States Postal Service on December 30, 2019, and mailed it certified and with proper postage affixed. Attached hereto as Exhibit "A" is a true and correct copy of the postmarked certified mail receipt.

2. On January 8, 2020, the Citation and Petition were delivered to and received by Veolia North America, LLC, through its President and CEO, Bryan Clarke. Attached hereto as Exhibit "A" is a true and correct copy of the signed and executed return receipt for certified mail and United States Postal Service Tracking.

Jill L. Craft

SWORN TO AND SUBSCRIBED before me, this 14th day of January, 2020, at Baton Rouge, Louisiana.

Notary Public
Bar Roll Number No.: 37639

CHELSEY RICHARD NAPOLEON
CLERK, CIVIL DISTRICT COURT
421 LOYOLA AVENUE - ROOM 402
NEW ORLEANS, LA 70112
504-407-0000

Receipt Date: 1/23/2020 10:01:00 AM
Case Number: 2019-12829
Grand Total: $6.00
Balance Due: $0.00

VERIFIED 1/29/20



FILED
2020 JAN 16 PM 3: 42
CIVIL
DISTRICT COURT



EXHIBIT A